IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HENRY JOHNSON,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00618-SMY |
| ) | |
| **DEBBIE ISAACS, and** ) | |
| **DR. LARSON,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Henry Johnson was at all relevant times an inmate housed in Big Muddy River Correctional Center; he has since been released from prison. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to not being provided a non-soy diet and the resulting loss of weight and ill effects on his health.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must

cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff was housed at Big Muddy River Correctional Center from January through May, 2015. Upon his arrival, Plaintiff asked various unidentified nurses for a non-soy diet because he is allergic to soy. According to Plaintiff, his allergy to soy has been noted in his medical records since 2011, and he has been provided a non-soy diet at other prisons.

Plaintiff was never given a non-soy diet while he was housed at Big Muddy. Because soy is a part of the vast majority of the food served, Plaintiff was forced to eat less, consuming substantially fewer calories than normal. Consequently, he became weak, fainted, and suffered other ill effects. Although he was taken to the health care unit after he fainted, he was never seen by a doctor.

Plaintiff saw Dr. Larson in March 2015, and the doctor agreed to provide Plaintiff with a non-soy diet. Nevertheless, Plaintiff never received the special diet, and he never saw Dr. Larson again. Plaintiff then wrote to Healthcare Administrator Debbie Isaacs, who is also a nurse. Isaacs responded that a non-soy diet would not be authorized because she did not find any notation in Plaintiff's medical records about the need for such a diet.

Plaintiff contends that the defendants lied to him—Larson falsely promising the non-soy diet, and Isaacs falsely saying there was no notation in his medical records. Plaintiff also broadly alleges that the healthcare unit, including Larson and Isaacs, were unprofessional and negligent

in handling his medical needs. The defendants are sued in their individual and official capacities. Plaintiff seeks compensatory damages.

Based on the allegations in the complaint and Plaintiff's own legal characterization, the Court construes the complaint as asserting the following single, overarching claim.

> **Count 1: Defendants Debbie Isaacs and Dr. Larson were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.**

Any intended claims for negligence or medical malpractice should be considered dismissed without prejudice for reasons explained below. Similarly, Plaintiff's general assertions about the unprofessionalism of the entire healthcare unit also fail. No policy and practice is alleged tied to Isaacs, the prison or the Department of Corrections, and no injunctive relief is sought.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). At this early stage, a

food allergy, and the alleged ill effects of having to avoid much of the food that was served in order to avoid soy, are presumed to pose serious medical danger.

Relative to proving deliberate indifference, more than a showing of negligent or even grossly negligent behavior must ultimately be proved. *Farmer v. Brennan,* 511 U.S. 825, 835-37 (1994). A difference of opinion regarding the proper course of treatment and even medical malpractice are insufficient to violate the Eighth Amendment. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Case law illustrates that when medical care is at issue, a defendant's skill level and ability to act are relevant to liability.

As a general matter, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. However, because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Accordingly, top level administrators are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Healthcare Administrator Isaacs is both a top administrator and a nurse, so her medical knowledge and training cannot be ignored.

With respect to medical professionals, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton,* 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Physicians, however, are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir. 2008); *see Duckworth v. Ahmad,* 532 F.3d 675, 682 (7th Cir.

2008). "[N]urses may generally defer to instructions given by physicians, 'but that deference may not be blind or unthinking, particularly if it is apparent that the physician's order will likely harm the patient.'" *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012) (quoting *Berry v. Peterman,* 604 F.3d 435, 443 (7th Cir. 2010)).

Because both Isaacs and Larson are medical professionals, they are presumed to be aware of the consequences of feeding a soy diet to someone with a soy allergy, and to know the ill consequences of malnourishment. Moreover, Plaintiff contends that Dr. Larson lied about ordering a non-soy diet, and Healthcare Administrator Isaacs lied about not seeing the notation in Plaintiff's medical records about him needing a non-soy diet. Thus, Count 1 must proceed so that these factual matters can be explored.

Finally, the Court notes that the defendants were both sued in their individual *and* official capacities for monetary damages. Isaacs' and Larson's individual involvement has been discussed. Any official capacity claims fail, in that the Eleventh Amendment bars suits against an un-consenting state—including its agencies and officers in their *official* capacities—for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365, 370 (7th Cir. 2010). All claims against Isaacs and Larson in their official capacities for monetary damages will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims against Isaacs and Larson in their official capacities for monetary damages are **DISMISSED with prejudice**; **COUNT 1** shall otherwise **PROCEED** against Defendants **DEBBIE ISAACS and DOCTOR LARSON** in their individual capacities.

The Clerk of Court shall prepare for Defendants **DEBBIE ISAACS and DOCTOR LARSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Consequently, Plaintiff's motion for service of process at government expense (Doc. 3) is **DENIED AS MOOT**.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 4). Plaintiff's motion for leave to proceed as a pauper (Doc. 2) will be decided by the undersigned district judge by separate order.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 27, 2015**

**s/ STACI M. YANDLE**
**United States District Judge**
